State *v.* Sleeper and State *v.* Magoon.

THE STATE OF VERMONT *v.* GEORGE SLEEPER, AND THE STATE OF VERMONT *v.* MOSES H. MAGOON.

*Indictment. Perjury. Pleading.*

An indictment for perjury alleged that "Eliza E. Carpenter, on the 25th June, 1860, brought a petition of divorce, addressed to the supreme court then next to be held," &c., "setting forth in said petition," &c., and then states the substance and prayer of the petition for a divorce, alimony and the custody of the child. It then proceeded as follows: "whereupon it became necessary to take the testimony of witnesses in the premises," and then states that the respondent "appeared before Henry N. Worthen, a notary public, and made his deposition as to facts in the premises," &c. *Held,* that the indictment sufficiently connected the false evidence with the petition, and that the words "brought a petition of divorce to the supreme court," or "petitioned the supreme court," sufficiently averred the pendency of the suit in court to make it a judicial proceeding.

And the indictment also averred,—"it became and was material to show whether the said Sleeper was at the house of L. D. Carpenter on the morning of the second of November, A. D. 1859, and whether he then had a conversation with said Carpenter, in the presence of certain other persons," and then proceeded to allege that the respondent "falsely, corruptly and wilfully" swore "that on the morning of Nov. 2d, 1859, he stopped at said Carpenter's house and had conversation with Carpenter in the presence of one Magoon and the said Eliza E. Carpenter," &c. *Held,* that it was sufficiently alleged that this evidence was material. It need not appear in addition how it was material.

The allegation that the respondent "falsely, corruptly and wilfully" swore is sufficient without the word "knowingly."

INDICTMENT for perjury in two cases, involving the same questions, and heard together. The respondents filed general demurrers to the indictments.

The indictments are sufficiently set forth in the opinion of the court.

At the January Term, 1863, the court, PECK, J., presiding, over-

ruled the demurrers, and adjudged the indictments sufficient,—to which decision the respondents excepted.

*A. M. Dickey* and *C. W. Clarke*, for the respondents.

I.  It does not appear by these indictments that the evidence given by the respondents, and upon which perjury is assigned, was given or taken to be used in any *judicial proceeding then pending.* This is matter of substance, and should distinctly appear, stated with the highest degree of certainty. *State* v. *Chamberlin,* 30 Vt. 559; 1 Chitty's Crim. Law, 172; 3 Arch. Crim. Prac. and Pl. 591-2-3; *Queen* v. *Overton,* 4 Ad. & El. N. S. 83, (45 E. C. L. 83) ; *Regina* v. *Bishop,* 1 C. & M. 302, (41 E. C. L. 169).; *Regina* v. *Pearson,* 8 C. & P. 119, (34 E. C. L. 643).

In the case of Sleeper, the indictment alleges that *"Eliza E. Carpenter, of, &c., brought a petition of divorce, addressed to the supreme court, &c."* The phraseology made use of in the case of Magoon is that *"Eliza E. Carpenter, of, &c., petitioned the supreme court next, &c., setting forth, &c."*

These words are not sufficient to constitute a distinct and positive averment, that at the time of the taking of the depositions of these respondents, there was duly and legally pending in the supreme court a libel for divorce, in which Eliza E. Carpenter was libellant and Lorenzo D. Carpenter was libellee.

"An indictment must be good without the help of argument or inference."

The want of a distinct averment that the libelee had been summoned in due form to answer to the libel, and that the same was then pending, renders nugatory the statement which follows, that *" it became necessary to take the testimony of witnesses in the premises."*

II.  It does not appear by either of these indictments in what cause, proceeding or trial, or whether in any, it became material to show *" whether said Sleeper was at the house of said Carpenter on the 2d day of November,* 1859, *and whether he there had any conversation with said Carpenter in the presence of certain other persons."* The indictments only say that *" it became and was material to show whether,"* &c.  They should aver that it was material to the trial of said libel for divorce.  All the precedents are so.  2 Chitty's Crim. Law. 350, *et seq.* ; 3 Arch. Crim. Prac..&. Pl. 598 ; *Commonwealth* v. *Knight,*

12 Mass. 274; *Rex* v. *Goodfellow,* 1 C. & M. 569, (41 E. C. L. 311); *Rex* v. *Bartholomew,* 1 C. & K. 366, (47 E. C. L. 367); *Rex v. Hewins,* 9 C. & P. 786, (38 E. C. L. 455).

What is intended here as an averment of materiality is of no avail for that purpose, because it does not connect the evidence with any judicial proceeding; but it must control the question' as to what part of the evidence stated perjury is attempted to be assigned.

Perjury may be committed in giving evidence material to a collateral issue, but in that case the indictment must show how that issue became material, as well as how the evidence became material to that. *Commonwealth* v. *Knight,* 12 Mass. 274.

*John Rowell,* state's attorney, for the prosecution, cited C. S. 554, § 6; 2 Chitty's Crim. Law, 385, precedent, and 306–7; Wharton's Crim Law, § 2263, and cases cited; Wharton's Precedents, (577,) note "e."

ALDIS, J. These two cases were heard together at the last term, and stand upon the same ground.

They are indictments for perjury. To sustain the demurrer, the respondents claim, 1st, that the alleged perjury does not appear to have been committed in any judicial proceeding, and 2d, that it is not alleged and does not appear that the false evidence was material to the issue.

First—is it alleged with sufficient certainty that the false evidence was given in a judicial proceeding?

The indictment says that "Eliza E. Carpenter, on the 25th June, 1860, brought a petition of divorce addressed to the supreme court then next to be held," &c., "stating in her petition," &c., and then states the substance and prayer of the petition for divorce, alimony and the custody of the child. It then proceeds as follows: "whereupon it became necessary to take the testimony of witnesses in the premises," and then states that the respondents "appeared before Henry M. Worthen, a notary public, and made his deposition as to facts in the premises," &c.

The notary public had power to take the depositions in the case if the petition for divorce had been signed by the petitioner, and, with a summons signed by the clerk, had been served on the petionee, or if other legal notice thereof pursuant to our statute had been given.

State *v.* Sleeper and State *v.* Magoon.

It is claimed that the indictment does not aver any such service, and without such averment is bad.

The words " brought her petition to the supreme court," it is admitted, express the idea of having made and signed the petition; but it is agreed that they do not convey any idea of service of it. If it were not for the decision in *State* v. *Chamberlin*, 30 Vt. 559, we should have much doubt whether the allegations in this indictment are sufficient to satisfy the strictness of the rule. But we think that case is substantially like this and must govern it. There the words were, " *exhibited* his certain bill of complaint in the court of chancery." We do not think the word " exhibit" has any technical legal meaning beyond the words " bring," " prefer," " petition.'. They all convey the idea of commencing a proceeding in court.

In chancery the statute provides that the time of signing the subpœna or summons shall be deemed to be the time when the bill is filed. In cases of divorce, when the petition has been signed, and the summons to the libellee to appear and answer has also been signed and issued by the clerk, then we think the case must be deemed as pending in court. The court will not act till due service has been made or notice given, and would doubtless reject depositions taken before such service or notice. But cases are often entered in court and continued for notice by publication, where the order for publication has not properly been complied with. Their pendency is determined by the actual issuing of the citation or summons by the clerk.

It is said that in *State* v. *Chamberlin*, there was this further allegation—" as by the orator's bill of complaint remaining filed of record in the court of chancery will appear." But this allegation adds nothing to the former one—" exhibited his bill in the court of chancery." By our statute a bill in chancery is deemed to be filed when the subpœna is signed by the clerk. It is further urged by the respondents that the words " whereupon it became necessary to take the depositions of witnesses in the premises," add nothing to the former one as showing the pendency of a suit in court, and does not sufficiently connect the alleged perjury with the petition. We think, however, that the words " in the premises " refer to the libel, and the whole expression is equivalent to this—" whereupon it became ne-

cessary to take the depositions of witnesses to prove the facts stated in the petition of the said Eliza E. Carpenter." So when it is alleged that the respondent "made his deposition as to facts in the premises" it is the same as "his deposition to prove facts stated in the petition."

The indictment sufficiently connects the false evidence with the petition; and, following the decision in the 30th, we think the words "brought a petition of divorce to the supreme court," or, "petitioned the supreme court," sufficiently aver the pendency of the suit in court to make it a judicial proceeding.

As to the second point. It should either plainly appear on the face of the indictment that the false evidence was material to the issue in the judicial proceeding; or else it should be expressly alleged that the false evidence was material. It is not necessary to state in the indictment what the issues were, and how the false evidence bore upon such issues, or was connected with other facts bearing upon them, so that it shall appear upon the face of the indictment *how* it was material. It is sufficient if the indictment expressly avers that it was material to prove certain facts, and that the respondent falsely swore to those very facts.

The indictment avers, "it became and was material to show whether the said Sleeper was at the house of L. D. Carpenter on the morning of the 2d of November, A. D. 1859, and whether he then had a conversation with said Carpenter, in the presence of certain other persons;" and then proceeds to allege that the respondent falsely swore "that on the morning of Nov. 2d, 1859, he stopped at said Carpenter's house and had conversation with Carpenter in the presence of one Magoon and the said Eliza E. Carpenter," &c. Although *it* does not appear how this evidence was material, yet we think it sufficiently alleged that it was material. It cannot be said that upon the face of the indictment it appears that the false evidence was immaterial, and that therefore the indictment is bad, notwithstanding the general averment of materiality; for it is easy to see how the alleged conversation, in connection with other facts, might be material both as to the alleged cause for divorce, and as to alimony.

The allegation that the respondents "falsely, wilfully and corruptly" swore, is sufficient without the word "knowingly."

The demurrer is therefore over-ruled, and the judgment of the county court is affirmed. But pursuant to the agreement entered into in the court below, and to enable the respondents to replead,—the judgment is reversed *pro forma* and the case remanded to the county court to enable the respondents to replead.