## Case No. 15,681.

### UNITED STATES v. McHENRY.

[6 Blatchf. 503; [2] 10 Int. Rev. Rec. 42.]

Circuit Court, S. D. New York. June, 1869.

JUROR — CHALLENGE — READING NEWSPAPER ACCOUNT—PERJURY—INDICTMENT—AVERMENTS OF MATERIALITY.

1. A challenge to a juror, for principal cause, is properly overruled, where it appears that the juror, although he has read about one-half of a column in a newspaper concerning the case, has never formed any fixed opinion, or made up his mind, respecting the guilt of the prisoner.

2. The decision upon a challenge for favor is not reviewable.

3. Where, on the trial of an indictment, evidence to show that a witness for the prisoner has made statements inconsistent with his tes-

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

timony, is admitted without the attention of the witness having first been called to such statements, the error is cured, if the witness, on being afterward called by the prisoner, denies such statements.

4. On the trial of an indictment against a person who was an officer of the internal revenue, for perjury in swearing, on a criminal complaint made by him against another officer of the internal revenue, for taking a bribe, that he saw the bribe taken, it is not error to charge the jury that they may consider the circumstance, that it was not until some months after the time at which the prisoner said he saw the bribe given, that he made such criminal complaint.

5. Where, in an indictment for perjury, containing two counts, the first count charges the prisoner with having sworn to a false story, in an affidavit presented to a committing magistrate, as a criminal complaint, and the second count charges him with having sworn to the same false story, and also to other false matters, on an examination held by the magistrate on the complaint, and, on the trial, the jury are instructed that a verdict against the prisoner on the second count will not be inconsistent with a finding in his favor on the first count, it is not error to say to the jury, that, if they find against the prisoner on the first count, a verdict will almost certainly follow on the second count, there being no contradictory evidence, and no failure of full proof as to the taking of the oath by the prisoner, on the examination before the magistrate.

6. Where, in an indictment for perjury, the averments as to the materiality of what it alleges to have been falsely sworn to, are defective, the indictment is, nevertheless, good, if such materiality sufficiently appears upon its face.

7. What are proper averments of materiality, in an indictment for perjury, considered.

This was an indictment [against John D. McHenry] for perjury, tried before BENEDICT, District Judge. After conviction, the prisoner moved in arrest of judgment, and for a new trial.

Joseph Bell, Asst. U. S. Dist. Atty.
Edward D. McCarthy, for the prisoner.

BENEDICT, District Judge. The several propositions which have been pressed upon my attention, with such commendable earnestness, in support of these motions, have received my careful attention.

The first error supposed to have been committed, consisted in overruling the challenge of the prisoner to the juryman Brown. Upon this point, it seems sufficient to say, that the testimony of the juror showed, beyond question, that, although he had read about one-half of a column in a newspaper concerning the case, he had never formed any fixed opinion, or made up his mind, respecting the guilt of the prisoner. The authorities relied on by the defence are, therefore, not applicable to the present case. The most that could be said, upon the evidence, is, that a challenge for favor should have been allowed. But the decision upon a challenge for favor is not reviewable (People v. Mather, 4 Wend. 229); and, if it were, I should feel bound to say, that the candid and cautious manner of the juryman, to-

gether with his evident fairness, and freedom from bias, entirely satisfied me that the prisoner could receive no injustice at his hands.

The next point urged is, that an error was committed in permitting evidence to be given that the witness Ferguson had, on a certain occasion, made statements inconsistent with his evidence, without first calling the attention of the witness to the statements intended to be proved. The notes of the trial do not show such an error; and, if it was committed, it was cured when the defence afterwards called the witness Ferguson, and he denied entirely the statements attempted to be proved against him.

The next point taken arises upon the charge to the jury. It is insisted that it was error to charge the jury that they might consider the circumstance, that it was not until some months after the time at which the prisoner said he saw a bribe given to Harland, that he made his criminal complaint against Harland for the taking of the bribe. This objection is untenable. In the absence of any circumstances to indicate the existence of any reason for the failure of a revenue officer to make instant complaint of such an extraordinary transaction as the prisoner says he saw, so long a delay would be a circumstance to be considerd, with the other facts proved, as affording ground for a reasonable inference that the complaint was an invention, arising out of malicious motives, and not based upon facts. Evidence of this nature has often been admitted in criminal cases.

The next point taken arises, also, out of the charge to the jury. It is claimed that it was error to say to the jury, that, if they found against the prisoner on the first count, a verdict would almost certainly follow on the second count. The first count charged the prisoner with having sworn to a certain false story, in an affidavit presented to Commissioner Gutman. The second count charged him with having again sworn to the same story, when called as a witness upon the examination held by Mr. Gutman on the complaint. There was no dispute as to the fact that he was sworn before Mr. Gutman on such examination, and that he then testified to the same story which he had before sworn to in his affidavit. Therefore, a finding that the story in the affidavit was willfully false, was decisive of the falsity of the story told on the examination. I am unable, therefore, to see how it was error to say this to the jury. The jury were carefully instructed that a verdict against the prisoner on the second count would not be inconsistent with a finding in his favor on the first count, because the second count contained other matters charged to have been falsely sworn to on the same examination, which were not included in the first count. But, as proof of any one of the assignments in the second count would sus-

tain that count (2 Russ. Crimes, 668), a verdict against the prisoner on the first count left no room for doubt as to the verdict on the second count. Had there been any contradictory evidence, or any failure of full proof of the taking of the oath, on the examination as to the facts before Mr. Gutman, the remark to the jury would not have been made.

I have now disposed of all the points which have been argued in behalf of the prisoner upon these motions, except one, and that arises on the indictment itself. The indictment, it is insisted, is bad, because of defective averments of materiality. The averment of materiality in the first count is, "that, at the time the said McHenry so deposed, swore and made affidavit, as aforesaid, it became and was a material question," etc., etc. In the second count, the averment is, that "it then and there became and was a material question." These averments are said to be insufficient, because they do not state that the evidence given by the prisoner was material upon the proceeding alleged to have been pending before the commissioner. Other proceedings, it is said, may have been at the same time pending before the commissioner, to which these averments would equally apply. But, if it be conceded that these averments are thus defective, still the indictment must, I think, be sustained, upon the ground that the materiality sufficiently appears upon its face. An examination of the averments will make this appear.

The first count avers a complaint made by John M. Binckley, before Commissioner Gutman, that Rollins, Harland, Smith, Murray, Haggerty, and divers other persons had conspired together to defraud the United States, and had committed acts in furtherance of that conspiracy. It then avers, that the prisoner was produced by Binckley to support said complaint, and then swore to a certain written affidavit, the substance and effect of which are set out in detail. Here, then, is stated a proceeding before a committing magistrate of the United States, which made it incumbent on him to inquire as to the existence of the conspiracy complained of. The offence was charged by Binckley in the words of the statute, and the jurisdiction of the officer to institute such inquiry has not been called in question here. Among the parties embraced in this accusation were Thomas Harland and S. N. Pike, for, the affidavit of the prisoner identifies Pike as one of the persons referred to by the words "divers others," used by Binckley. The question, therefore, which the commissioner was to consider was, whether Harland, the deputy commissioner of internal revenue, and S. N. Pike, a rectifier, had been engaged in a conspiracy to defraud the United States. Now, the facts spread out in the indictment, as sworn to by the prisoner, tended directly to prove to the commissioner that the prisoner had seen Pike give Harland a bribe; for, these circumstances are of such a character as to show affirmatively a secret and collusive delivery by Pike, of his own check, for a large sum of money, to the deputy commissioner of internal revenue. Unexplained, these circumstances, as detailed in the indictment, would, of themselves, go far towards proving the existence of an unlawful combination between Pike and Harland. Manifestly, they were material facts tending to show the commission of an offence by the parties charged. It is not necessary that the facts sworn to should constitute full proof of the matter at issue. They are material if it can be seen that they would necessarily tend to prove it, which is this case. 2 Russ. Crimes, 643. The first count of the indictment must, therefore, be held to be within the settled rule, that an indictment for perjury is good without any averment of materiality, when it appears upon its face that the fact alleged to have been falsely sworn to, was a material one. 2 Russ. Crimes, 639.

One count of the indictment having been thus found to be good, it is unnecessary to consider the remaining counts. But, although I base my decision of this branch of the motion upon the ground that materiality appears upon the face of the indictment, I do not feel justified in dismissing the case, without remarking, in regard to the averments of materiality, that I incline strongly to the opinion, that they should be deemed sufficient. There seems to me to be much force in the argument, that the facts set out in this indictment leave no room for any fair supposition of the pendency of any other criminal charge than the one described, in which the facts sworn to by the prisoner could have been material. Furthermore, the words "it then and there became and was a material question," as they are used, are intended to, and do, convey the idea of a connection between the question and the proceeding previously mentioned as pending. It is, moreover, manifest, that there is no such uncertainty in these averments as could mislead the accused, nor is it pretended that he was misled. In point of fact, it has appeared upon two different trials, that the prisoner has distinctly understood, from this indictment, the exact facts which were intended to be proved against him. It is apparent, also, that the alleged uncertainty can occasion no detriment in the future, inasmuch as, if the accused should be again called to account for the same false statements proved upon this trial, it will be entirely competent to show, by testimony, that they formed the subject of this prosecution. Indeed, the indictment itself, without the aid of testimony, shows that these, and no other statements, could have been here proved under it. The indictment seems, therefore, to answer all the purposes of a valid indictment. It identifies the charge, and enables the defendant to prepare his defence thereto. It will protect the

defendant, should he be again questioned on the same grounds; and it enables the court to know what judgment is to be pronounced according to law. Two or three English authorities were cited in behalf of the defendant, where judgment was arrested by reason of averments of materiality similar to those contained in this indictment. I do not find that these authorities have been followed in any American case, while, in State v. Sleeper, 37 Vt. 122, 126, they were disregarded, and an indictment more defective than the present one was upheld. If the decision of the present case depended upon the effect to be given to the averments of materiality, it might be the more prudent course to follow the English cases; but I should greatly apprehend that, if such a decision were made upon the present indictment, it might well give occasion to apply the words of Lord Hale, where he says (2 Hale, P. C. 193): "More offenders escape by the over-easy ear given to exceptions in indictments, than by their own innocence; and, many times, gross murders, burglaries, robberies, and other heinous and crying offences escape punishment, by these unseemly niceties, to the reproach of the law, to the shame of the government, and to the encouragement of villainy, and to the dishonor of God."

Motion denied.