## STATE OF MINNESOTA

### *vs.*

## MICHAEL THOMAS.

An indictment for perjury in accordance with form No. 24, *section 2, ch.* 108, *Gen. St.,* is sufficient.

After his demurrer to an indictment is overruled, it is too late for defendant to interpose an objection that the certificates of the county auditor to the clerk of the court do not show, affirmatively, that the grand jurors by whom the indictment was found were qualified according to law.

Objections before trial to the qualifications of a petit jury should be taken by challenge.

Consideration of an alleged error on the admission of evidence to support the indictment.

No objection to a juror for reasons existing before trial, can be taken after verdict, which could not have been taken before trial by way of challenge for cause if defendant had been then aware of the existence of such reasons.

"It is admitted in this case that on May 11th, 1870, a civil action between Baptiste Thomas plaintiff, and John Fry defendant, to recover pay for threshing the grain of John Fry in Nov. 1869, was tried by a jury in justice's court; that the issue upon the trial was as to whether or not the tumbling rods and knuckles of the machine were covered; that this defendant Michael Thomas was a witness for plaintiff Baptiste Thomas upon that trial; that the jury rendered a verdict for plaintiff; that William J. Martin was a juror upon that trial; that defendant appealed to the district court, wherein it was tried by a jury; that the defendant Michael Thomas was a witness for plaintiff upon that trial in district court in Dec., 1870; that it was upon that trial in district court that the perjury is alleged to have been committed. The verdict was for plaintiff;

State of Minnesota v. Thomas.

that the same William J. Martin, who was a juror upon the said trial in justice's court, was also a juror upon the trial in this case on Dec. 5th, 1872, and that that fact was not known at the time of this trial either by the county attorney or by defendant, or his attorney." *Held*, that as these facts fail to establish a general or particular cause of challenge under *sections* 17, 18 and 19, *ch.* 116, *Gen. Stat.*, they are of no avail.

The defendant, who was indicted, tried before a jury, and convicted of perjury in the district court for Blue Earth county, appeals from an order of that court denying his motion for a new trial, and in arrest of judgment, to this court. The case, in respect to the errors complained of, is fully stated in the opinion.

W. L. COON and BROWN & WISWELL, for Appellant.

F. R. E. CORNELL, Attorney General.

*By the Court.*—BERRY, J.—The indictment in this case (a prosecution for perjury) follows form No. 24, *section* 2, *ch.* 108, *Gen. Stat.* This form is not only prescribed by *section* 2, but by *section* 3 of the same chapter it is expressly declared to be "sufficient in all cases where" it is applicable.

By this indictment the defendant is certainly "informed of the nature and cause of the accusation" against him, as *section* 6, *art.* 1 of our state constitution requires that he shall be, and we perceive no reason why, if this provision of the constitution is satisfied, it is not entirely competent for the legislature to prescribe and declare sufficient a form in which the information required may properly be given. *Bilansky vs. The State*, 3 *Minn.* 436.

The demurrer to the indictment was therefore properly overruled. If, as contended by defendant, this indictment fails in any respect to comply with *section* 16, *ch.* 108, *Gen. Stat.*, it is to be noticed that *section* 16, without assuming to

modify or control *sections* 2 and 3 above cited enact, only that " *it is sufficient* " that an indictment for perjury contains certain statements.    This is not equivalent to saying that it is not *also* sufficient to follow form No. 24.   We suggest further (although we will not stay to inquire how well founded the suggestion is,) that perhaps *section* 16, so far as prosecutions for perjury are concerned, was framed or left in the statutes with reference to cases in which for any reason form No. 24 might not be followed.

It appears from the return in this case, that after defendant's demurrer to the indictment was overruled, and before going to trial, " defendant pleaded in abatement, and moved that the indictment be quashed and set aside and defendant discharged from arrest, because the certificates of the county auditor to the clerk of the court do not show, affirmatively, that the grand jurors by whom the indictment was found, nor that the petit jurors drawn for this term of this court, were qualified according to law."   So far as the objection to the grand jury is concerned, it is enough to say that if it would be valid under any circumstances, defendant was too late in interposing it after his demurrer.   The objection to the petit jury, if made at all, should have been made by challenge as provided by *ch.* 106, *Gen. Stat.*

Defendant's claim that the court below erred in admitting evidence to show that the tumbling rods and knuckles were not covered, is disposed of by our determination that the indictment was sufficient.   The indictment being sufficient as it reads, it is not necessary that it should contain an allegation that the rods and knuckles were not covered, or that those parts of them required to be covered by statute were not covered, in order to authorize the prosecution to prove that they were not covered for the purpose of showing defendant's perjury in falsely testifying that they were covered.   The

State of Minnesota v. Thomas.

testimony alleged to have been erroneously received was to the effect that neither the said tumbling rods, nor knuckles, nor any part of either, was covered. This testimony of course tended to show a violation of the statute. It is not objected—it hardly could be—that it proved something more than such violation.

Defendant's remaining position is taken in view of the following agreed state of facts, viz.: "It is admitted that on May 11th, 1870, a civil action between Baptiste Thomas, plaintiff, and John Fry, defendant, to recover pay for threshing the grain of John Fry, in Nov. 1869, was tried by a jury in justice's court; that the issue upon the trial was as to whether or not the tumbling rods and knuckles of the machine were covered; that this defendant Michael Thomas was a witness for plaintiff Baptiste Thomas upon that trial; that the jury rendered a verdict for plaintiff; that William J. Martin was a juror upon that trial; that defendant appealed to the district court wherein it was tried by a jury; that the defendant Michael Thomas was a witness for plaintiff upon that trial in district court in Dec. 1870; that it was upon that trial in district court that the perjury is alleged to have been committed. The verdict was for plaintiff; that the same William J. Martin, who was a juror upon the said trial in justice's court, was also a juror upon the trial in this case on Dec. 5th, 1872, and that that fact was not known at the time of this trial either by the county attorney, or by defendant, or his attorney."

Defendant contends that the court below erred in denying his motion for an arrest of judgment and to set aside the verdict and for a new trial, in view of the foregoing facts in regard to the juror Martin. It is apparent that after verdict defendant can take no exception to Martin as a juror, for reasons existing before trial, which he could have taken before

trial by way of challenge for cause, had he been then aware of the facts upon which his exception is based. It is equally apparent that the facts admitted above do not establish a general cause of challenge within the meaning of *sec.* 17, *ch.* 116, *Gen. St.*, nor a *particular* cause of challenge for *actual bias* within the meaning of *subdiv.* 2, *sec.* 18, *ch.* 116.

If then the facts admitted could furnish any cause of challenge, it must be for implied bias. But a challenge for implied bias must, by *sec.* 19 of the same chapter, be taken for some or all of the causes enumerated in the statute *and for no other.* Defendant's objection to the juror Martin, not being one of the causes enumerated, is of no avail.

The order denying defendant's motion for arrest of judgment and new trial is affirmed.