CHARLES C. BOYD vs. LUTHER MENDENHALL et al.

Argued April 25, 1893. Reversed May 11, 1893.

**Want of Probable Cause for a Criminal Prosecution.**

Where information is given one upon which he institutes a criminal prosecution, and he at the time knows that upon inquiry of certain persons it may be ascertained that no offense has been committed, and there is no difficulty in making, nor other reasons for not making, such inquiry, he is to be charged, on the question of probable cause, with knowledge of such facts as he would have learned had he made the inquiry.

Appeal by plaintiff, Charles C. Boyd, from an order of the District Court of St. Louis County, O. P. Stearns, J., made August 13, 1892, denying his motion for a new trial.

On July 9, 1891, the Motor Line Improvement Company, a corporation, owned section thirty-six (36), T. 51, R. 14, in Duluth. Guilford G. Hartley was president, and Luther Mendenhall and his business partner Hoopes, were general managers of the business of this corporation. On that day plaintiff and his partner Wilbur purchased of the corporation and paid it for the cedar timber on the east one-fourth of the section, with the privilege of cutting and removing it. The sale was made at the general office of the corporation in Duluth, by its clerks therein, by authority of the board of directors. Plaintiff employed men and teams, and commenced the work of cutting

and removing this cedar timber. While so at work on August 17, 1889, they were seen by a Mr. Howard, who went to the defendants Hartley and Mendenhall and told them on the street near their office that the men were cutting timber on this land. Without going to the office to inquire if the timber had been sold, they at once took measures to arrest the plaintiff and his men, thinking them to be trespassers. Hartley made complaint in the Municipal Court, a warrant was issued, and plaintiff and his men were arrested and brought in and charged with wrongfully cutting trees on the land of the corporation. After being held for about two hours, the facts were learned, and they were discharged and the prosecution dismissed. Plaintiff then brought this action against Mendenhall, Hartley and the corporation, for malicious prosecution. On the trial, plaintiff dismissed the action as to the corporation, and at the close of the evidence the court, on motion of the other defendants, dismissed the action as to them. Plaintiff excepted, moved for a new trial, and being denied, appeals.

*Lewis Brownell*, for appellant.

The reason for dismissal evidently was that the defendants each testified to want of malice in making the accusation. Malice in the sense of hatred or ill-will is not necessary to be shown to maintain the action. It is submitted that this testimony of defendants, instead of controlling this motion, was entitled to no weight at all. They made the accusation without having any facts to raise a presumption or probability of plaintiff's guilt. With every opportunity to ascertain the facts, they made absolutely no effort to ascertain any of the facts in the matter. Howard told Hartley all that Hartley knew or heard on which the accusation was made. When Hartley went to the City Attorney to make the complaint, the Attorney thought the accusation so improbable that he suggested to Hartley that there might be some mistake about it, and asked him if they did not have a permit from somebody, and stated to him it was a little strange that they should be cutting off that amount of timber without authority. Every fact that Howard communicated to Hartley would suggest to any fair-minded person the improbability of the crime, and put the defendants upon inquiry to ascertain the facts, before making the accusation; and they are chargeable with

all of the facts bearing upon the guilt or innocence of the accused which they knew, or by reasonable diligence could have found out. *Tabert v. Cooley*, 46 Minn. 366.

From the willful doing of an injurious act without lawful excuse, the law implies malice, and this, though the defendants supposed they were acting in conformity to law. *Judson v. Reardon*, 16 Minn. 431, (Gil. 387;) *Farnam v. Feeley*, 56 N. Y. 451; *Chapman v. Dodd*, 10 Minn. 350, (Gil. 277;) *Bacon v. Towne*, 4 Cush. 217.

*J. B. Douglas*, for respondents.

In actions for malicious prosecution, two things must concur, malice and the want of probable cause. In other words, the plaintiff must show that the prosecution originated in the malice of the prosecutor, and without probable cause. Neither of these is sufficient without the other. It is conceded that there was no actual malice towards the plaintiff in instituting the prosecution. The case of the plaintiff must depend upon the malice to be inferred from lack of probable cause. Probable cause is a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves, to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged. *Cole v. Curtis*, 16 Minn. 182, (Gil. 161;) *Casey v. Sevatson*, 30 Minn. 516; 2 Greenl. Ev. § 455.

What facts and circumstances amount to probable cause is a question of law. Whether they exist or not in any particular case is a question of fact. Where there is no dispute about the facts, it is the duty of the court, on the trial, to apply the law to them. In this case, there was no dispute about the facts, no conflict in the evidence, no impeachment of witnesses. The Judge was right in assuming to himself to pronounce upon the legal effect of the evidence. *Besson v. Southard*, 10 N. Y. 236; *Stone v. Crocker*, 24 Pick. 81.

Hartley says he had no knowledge as to who the parties were; he had no malice; and he was actuated only by a desire to stop the cutting of the timber. To the same effect is the testimony of Mendenhall. The defendants believed the statements of Howard; there was no reason why they should not. There is no question but that they acted in the whole matter in the utmost good faith.

GILFILLAN, C. J. Action for malicious prosecution. At the trial the action was withdrawn as to the Motor Line Improvement Company, originally a defendant, and the trial proceeded as to the defendants Mendenhall and Hartley, and after the evidence was all in the court dismissed the action as to them. The facts necessary to consider are brief. The Motor Line Improvement Company, a corporation doing business in Duluth, owned a section of land (36) lying within the corporate limits of that city, on which there was standing timber, including some cedar. Hartley was the president of the company and Mendenhall & Hoopes its agents, with authority to sell the timber, and they, or subordinates in their office, having like authority, sold the cedar timber, or "stumpage," as it is called, on the east half of the two easterly quarters of the section to plaintiff's firm, Boyd & Wilbur, and thereupon plaintiff, with several men, went upon the land to cut the cedar timber, and was cutting and hauling it out, when arrested, as hereafter stated. While so cutting, a Mr. Howard met the defendant Hartley upon the street in Duluth, and told him there were some men cutting cedar on the section. As they stood talking together Mendenhall came up, and Howard repeated to him what he had told Hartley, and then, on the suggestion of Mendenhall, he (Hartley) started to make a criminal complaint against the men doing the cutting, not knowing who they were, nor what were their names. He went to the city attorney, whose business it was to conduct proceedings before the municipal court for punishment of crimes committed within the limits of the city, and requested him to draw a complaint, telling him what Howard had said, and also, as was the fact, that Mendenhall had told him no one had a permit to cut the cedar. The complaint was made out, sworn to by Hartley, a warrant issued, and plaintiff and the men working with him arrested, and taken to the police office, and after several hours' detention, it being ascertained upon inquiry that they had a permit to cut the cedar, they were released, and there was no further prosecution. It appears, or at least it was conceded on the argument, that the place where defendants stood in the conversation with Howard was not more than 100 feet from the office of the improvement company and of Mendenhall & Hoopes, its agents, who, or whose subordinates, had sold the cedar timber to Boyd & Wilbur. It must be presumed that by going to

that office and inquiring the defendants would have learned that a permit had been given. They knew there were those employed in the office who had authority to issue a permit, and no excuse is suggested for failure to make such inquiry. The circumstances of the cutting and hauling as stated to them by Howard, it being done openly and without any attempt at concealment, ought to have suggested to them to make such inquiry at least as lay right at their hands, before proceeding to the extreme measure of beginning a criminal prosecution.

There are in the books many definitions of probable cause to institute a criminal prosecution. A very concise one is given in *Munns* v. *Dupont*, 3 Wash. C. C. 31, and quoted and approved by this court in *Cole* v. *Curtis*, 16 Minn. 182, (Gil. 161,) as follows: "A reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged."

What facts and circumstances amount to probable cause is a question of law; whether they exist in the case is a question of fact. As to what facts and circumstances existed in this case there is no dispute, so that whether there was probable cause was to be determined by the court. The facts were the information given defendants by Howard that there were men cutting and hauling off the cedar, the fact that Mendenhall & Hoopes and subordinates in their office had authority to grant permits, which the defendants must be presumed to have known, and that without excuse for omitting it defendants made no inquiry there. To make inquiry at the office was so easy to do that no cautious man having any regard for the rights of others would have been warranted, without such inquiry, in jumping to the conclusion that the men mentioned by Howard were committing a criminal offense. There being no reason, of difficulty or otherwise, why they should not have made the inquiry, it was their duty to make it, and they are to be charged on the question of probable cause with what they would have learned had they made it,—presumably the fact that a permit had been issued.

Advice of counsel will protect one in bringing a criminal prosecution only when given after a full statement of the facts and circumstances known to him, or of which he has been informed. Hartley

made no such full statement to the city attorney. He did not in-form that officer that there were others than himself and Menden-hall who had authority to issue permits, and that no inquiry had been made to ascertain if they had issued a permit. It is apparent from the testimony of the city attorney what effect that information would probably have had on the advice given, for he says: "When he said it was being hauled out, and in large quantities, I suggested to him that it seemed as if they must have some permit from some-body."

The case ought to have been left to the jury.

Order reversed.

VANDERBURGH, J., absent.

(Opinion published 55 N. W. Rep. 45.)

