STATE v. ALBERT DAHLSTROM.[1]

June 19, 1903.

Nos. 13,542—(27).

**Disturbing Meeting.**

In a prosecution for wilfully disturbing a religious meeting the evidence is examined, and *held* insufficient to show the guilt of defendant beyond a reasonable doubt.

**Word "Wilfully" in Statute.**

The word "wilfully," as used in G. S. 1894, § 6521, under which defendant was convicted, embodies an element of maliciousness, and the evidence is short of showing an intention on the part of defendant to so act.

[1] Reported in 95 N. W. 580.

Appeal by defendant from an order of the district court for Isanti county, Giddings, J., denying a motion for a new trial, after a trial and conviction of the offense set forth in the opinion. Reversed.

*Castner & Grotte,* for appellant.

*W. B. Douglas,* Attorney General, and *Godfrey C. Goodwin,* County Attorney, for the State.

BROWN, J.

Defendant was convicted under G. S. 1894, § 6521, of having wilfully disturbed a religious meeting, and sentenced to pay a fine, and appealed from an order denying a new trial.

Several errors are assigned and urged in the brief of appellant, but we do not deem it necessary to consider any of them, save that the verdict is not sustained by the evidence. It appears that the complaining witness and defendant are both ministers of the gospel, and entertain conflicting views on the subject of the divinity of Jesus Christ; one believing and asserting that Christ was God, according to the teachings of their church, and the other that he was only the Son of God. The complaining witness proposed to discuss this question, and, to that end, appointed a meeting at the place where religious services were usually conducted in the neighborhood. At the time and place appointed, a large congregation appeared. The meeting was opened with prayer, and the usual singing of hymns and reading of the Scriptures. Whereupon the complainant proceeded to discuss the question in hand. Shortly thereafter defendant appeared at the meeting, entered the room, and took his seat with other members of the congregation, and listened to the discourse of complainant. During the course of his talk, complainant indulged in some criticism of defendant; referring to him personally; criticising with some severity his attitude on the question, and to such an extent as to arouse the passions and anger of defendant. Whereupon. defendant arose and asked the privilege of speaking at the meeting, to defend himself from the accusations made by complainant. The latter refused to grant him permission to be heard, and indulged in some further abusive language toward him. Defendant subsided for a few moments, but soon again insisted on the right to meet some of the statements and charges made by the complainant, and was again

refused permission to do so. Considerable noise and disturbance were the result of the altercation between the two reverend gentlemen, but defendant finally left the meeting and returned to his home. This prosecution was subsequently commenced against him, and the jury found that he wilfully disturbed a religious meeting.

We have examined the evidence with considerable care, and reach the conclusion that it is not sufficient to establish the guilt of defendant beyond a reasonable doubt. It will serve no good purpose to enter into a discussion of it, and we refrain. Such occurrences are the exception, and not the rule. Other instances of the kind are not to be anticipated in religious meetings, and a judicial precedent is not in immediate demand. We hold simply that the evidence is insufficient to sustain the conviction beyond a reasonable doubt, and return the case to the court below without further remark, except that the word "wilfully," as used in the statute under which defendant was convicted, embodies an element of maliciousness (State v. Stein, 48 Minn. 466, 51 N. W. 474), and the evidence is short of showing an intention on the part of defendant to so act.

Order reversed.