STATE OF MISSOURI, Appellant, v. H. W. CURTIS, Respondent.

Kansas City Court of Appeals, January 11, 1915.

1. DRAMSHOP KEEPER: Minor: Entering and Remaining. The statute (Sec. 7214, R. S. 1909), making it unlawful for a dramshop keeper "to permit a minor to enter and remain in his dramshop" is not violated if the minor is permitted to enter on business or charity, and does not remain. The minor must remain, in order to complete the offense.

2. ———: Negligence: Meaning of Statute. Where a statute forbids a dramshop keeper to knowingly or negligently permit a minor to enter and remain in his shop, it is his duty to endeavor to ascertain if minors are remaining, if he has reason to believe they are, and if he does not so endeavor, he is negligently permitting them to remain, within the meaning of the statute.

3. ———: Indictment: Words of Statute. It is sufficient in an indictment for a statutory offense to use the words of the statute, and if they are in the disjunctive to use the conjunctive, provided, the words are not repugnant.

4. ———: Knowingly and Willfully: Repugnancy. Where the statute forbids a dramshop keeper to knowingly or negligently permit a minor to enter and remain in his shop, the word "knowingly" and "negligently," as used in such connection, are not repugnant or contradictory.

Appeal from Henry Circuit Court.—*Hon. C. A. Calvird*, Judge.

State v. Curtis.

REVERSED AND REMANDED.

*James H. Wilson* for appellant.

(1) An indictment that follows the language of the statutes, substantially, in misdemeanor offenses is good. State v. Remsaur, 140 Mo. App. 401; State v. Hicks, 170 Mo. App. 188; State v. Newman, 152 Mo. App. 149; State v. Muarer et al., 255 Mo. 165. (2) In determining the sufficiency of indictment or informations for misdemeanor offenses, under statutes designed to promote and preserve public morals, good order and decency, the matter for ascertainment is whether the information substantially charges an offense aimed at by the statute. State v. Rouelle, 119 S. W. 55, 137 Mo. App. 620. (3) The statute upon which this indictment is based, as will be noticed is in the disjunctive and makes either of the acts mentioned therein criminal. The indictment unites and charges the offenses conjunctively in one count, which is proper. State v. Currier and Moore, 225 Mo. 649; State v. Harroun, 199 Mo. 519; State v. Pitman, 76 Mo. 56; State v. Bregard, 76 Mo. 322. (4) Where an offense charged may be committed by two different means, its commission by both means may be charged in one count of an indictment, and proof of either will sustain the allegation. In such a case it is said that proof that any of the means were used proves the offense, and proof that all the means described were used proves no more, the penalty being the same. Joyce on Indictments, sections 399, 400 and 401; 1 Bishop Criminal Procedure (4 Ed.), sections 434 and 438. (5) In determining the sufficiency of indictments for misdemeanors under statutes designed to promote and preserve morals, good order and decency, the matter for ascertainment is whether the indictment substantially charges an offense aimed at by the statute with sufficient particularity to apprise defend-

ant of the act with which he is charged and to serve as a bar to a further prosecution of the same offense, and that unnecessary technicalities or refinements of reasoning will not be indulged.   State v. Hicks, 170 Mo. App. 188; State v. Rouelle, 137 Mo. App. 620.

*James D. Lindsay* for respondent.

(1)   The indictment is altogether bad because in each of the three counts it charges that the interdicted act was done "knowingly," that is, intentionally, and was also done "negligently," that is, unintentionally.   The terms are inconsistent, and cannot both be true.   State v. Lockwood, 119 Mo. 463; State v. Weyland, 126 Mo. App. 723; State v. Lawrence, 178 Mo. 350; State v. White, 96 Mo. App. 34; State v. Boggess, 86 Mo. App. 632; State v. Flint, 62 Mo. 393.   (2)   The terms "negligently" and "knowingly," while of opposite significance, are also of equal significance, as used in the statute, and in the indictment.   The court cannot reject either of them as surplusage, and leave the other. State v. Lockwood, 119 Mo. 467; State v. Flint, 62 Mo. 393; State v. Fitzsimmons, 30 Mo. 236.   (3)   When used in statutes defining an offense the word "knowingly" means "with knowledge, intentionally."   24 Cyc. page 806.   And it embraces "designedly, unlawfully." State v. Halida, 28 W. Va. 499.   It means with "guilty knowledge, not a bona-fide ignorance arising from neglect of the duty to keep posted."   Utley v. Hill, 155 Mo. 232; State v. Ransberger, 106 Mo. 135; State v. Smith, 37 Mo. 58; State v. Snyder, 44 Mo. App. 429. (4)   Negligently means carelessly; with the want of that due care required by the circumstances from a reasonably prudent person.   29 Cyc. page 415, and authorities cited; Wencker v. Railroad, 169 Mo. 592.

ELLISON, P. J.—Defendant was convicted on an information charging him with a violation of section

7214, Revised Statutes 1909 of the Dram Shop Act, which reads as follows: "It shall be unlawful for any dramshop keeper knowingly or negligently to permit any minor to enter and remain in his dramshop. Any dramshop keeper violating the provisions of this section, shall, on conviction, be fined not less than fifty nor more than one hundred dollars."

The information is in these words: "The grand jurors . . . charge that H. W. Curtis on the — day of July, 1913, at the county of Henry and State of Missouri, being then and there a dramshop keeper, did unlawfully, knowingly and negligently permit one Everett Phillips a minor under the age of twenty-one years to enter and remain in his said dramshop; against the peace and dignity of the State."

Defendant moved to quash the information for the reason that the allegations were "repugnant to each other, and contradictory in a material sense." The trial court sustained the motion and the State appealed.

We interpret the statute to mean that in order to complete the offense the minor must both "enter and remain." The Legislature did not mean to make an offense against the dramshop keeper if he merely permitted a minor to enter his shop. For such entry might be an errand of a merciful and moral nature, or it might be a business purpose. A great number of illustrations will occur to any one. So the law contemplates a "remaining," for, in that the evil attaches without any mitigating good.

Now this information charges that the defendant "knowingly and negligently" permitted the minor to "enter and remain." Defendant says that, knowingly and negligently, are repugnant words and that they contradict each other and thereby they make a bad pleading; and that if he knowingly permitted the minor to enter and remain he could not have negligently per-

mitted him to do so. Used in the connection and for the purpose the statute uses them, we think, they are not inconsistent or repugnant. A dramshop keeper may know that a minor is in his shop and immediately form an intention not to allow him to remain, yet neglect, or put off, turning him out; in which instance he would both knowingly and negligently allow him to remain. It is true that a dramshop keeper might be so situated, or the furniture, or the crowd in his place be such that he could not see, or know, that one or more minors were there—remaining there—yet the circumstances might be such that he had good reason to believe they were. In such instance he should endeavor to ascertain; for if he did not, and minors were in fact remaining in the place, he would be "negligently" permitting them to do so. Therefore the statute will reach a dramshop keeper who may not know, but should have known—could have known—by a reasonable and honest effort to aid the purpose of the law. Therefore "negligently" may be said to cover more than "knowingly," but they are not repugnant.

Where the statute defines a crime or misdemeanor in the disjunctive, it is sufficient to charge the offense in the language of the statute, stating it in the conjunctive, unless the words are repugnant, and even if repugnant, or contradictory, the pleading will be good if they are not a part of the substance of the offense. [State v. Fitzsimmons, 30 Mo. 236, 241; State v. Flint, 62 Mo. 393, 399; State v. Harroun, 199 Mo. 519, 526; State v. Currier, 225 Mo. 642. 649.]

But in support of his contention that "knowingly" and "negligently" are contradictory expressions, defendant cites us to State v. Lockwood, 119 Mo. 463, with other cases illustrating his point. In that case that indictment charged that the defendant "willfully and with culpable negligence" made an assault with a pis-

tol, etc. There was a motion to quash on the ground that the pleading "charges a willful or intentional killing and an involuntary killing in the same count," and that it "charges, or attempts to charge, both an intentional and an unintentional killing." The Supreme Court held the indictment bad; saying that "if the killing was 'willful' as charged in the indictment, then it could not have been accidental, or by 'culpable negligence.' The terms are inconsistent, as they cannot both be true. If the killing was by 'culpable negligence' then it was not intentional."

We think that case is not applicable. While the word "willfully" includes "knowingly," yet it is more; it implies a perverse purpose and an active evil intent to commit the unlawful act. [Spurr v. U. S., 174 U. S. 728, 734; State v. Stein, 48 Minn. 466, 470; Williams v. The People, 26 Colo. 272, 274; Johnson v. State, 61 Ala. 9, 11; Brooks v. Railroad, 158 Ind. 62, 70; Stewart v. Railroad, 32 Iowa, 561.] These cases amply sustain the Supreme Court in deciding that the words "willfully" and "negligently" were repugnant; and they likewise show that one may "know" of a thing, or an act, and "negligently" permit it, or do it; and that the latter words are not inconsistent or repugnant.

For the foregoing reasons the judgment will be reversed and the cause remanded. All concur.