PHILIP C. ROGERS *vs.* PATRICK J. DOODY, ADMINIS-
TRATOR (ESTATE OF BEATRICE DOODY).

MALTBIE, C. J., HAINES, BANKS, AVERY and JENNINGS, JS.

Argued February 5th—decided March 5th, 1935.

*Denis T. O'Brien, Jr.,* for the appellant (defendant).

*Arthur Klein,* with whom, on the brief, was *Louis Boyarsky,* for the appellee (plaintiff).

BANKS, J. On May 17th, 1933, the defendant herein recovered a judgment against the plaintiff herein in the Superior Court in New Haven County in the sum of $6199.12 upon a cause of action based upon the heedlessness of the defendant in that action (plaintiff herein) and his reckless disregard of the rights of others in the operation of a motor vehicle in which the present defendant's intestate was riding as a guest. On May 31st, 1933, the plaintiff herein filed a voluntary petition in bankruptcy and was duly adjudged a bankrupt, and on February 26th, 1934, was duly discharged of all of his provable debts by the United

States District Court for the District of Connecticut. Thereafter the defendant threatened to take out an execution upon the judgment, and to levy the same upon the property of the plaintiff and in default thereof upon his body, and the plaintiff brought this action seeking to have the defendant enjoined from so doing. The trial court granted the injunction. The sole question upon this appeal is whether the plaintiff's discharge in bankruptcy released him from the liability of this judgment.

Section 17 A (2) of the United States Bankruptcy Act provides that "a discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as . . . (2) are liabilities for . . . willful and malicious injuries to the person or property of another." The action in which the judgment was rendered was brought under our so-called guest statute which exempts the owner or operator of a motor vehicle from liability to a guest in the same in case of accident "unless such accident shall have been intentional on the part of such owner or operator or caused by his heedlessness or his reckless disregard of the rights of others." General Statutes, § 1628. We have said that this phrase meets the legislative intention where it is construed to read "or caused by his heedless and his reckless disregard of the rights of others," and that "heedless" in this connection does not add to the characterization of the conduct of the owner or operator of the car. *Bordonaro* v. *Senk,* 109 Conn. 428, 430, 431, 147 Atl. 136. The question thus resolves itself into this: Is the judgment obtained by a guest in a motor vehicle against its owner or operator for injuries received in an accident caused by the latter's reckless disregard of his rights a liability for wilful and malicious injury to person or property within the meaning of § 17 A (2) of the Bankruptcy Act?

A wilful and malicious injury is one inflicted intentionally without just cause or excuse. It does not necessarily involve the ill will or malevolence shown in express malice. Nor is it sufficient to constitute such an injury that the act resulting in the injury was intentional in the sense that it was the voluntary action of the person involved. Not only the action producing the injury but the resulting injury must be intentional. "A wilful or malicious injury is one caused by design. Wilfulness and malice alike import intent. . . . [Its] characteristic element is the design to injure, either actually entertained or to be implied from the conduct and circumstances." *Sharkey* v. *Skilton,* 83 Conn. 503, 507, 77 Atl. 950; *Simenauskas* v. *Connecticut Co.,* 102 Conn. 676, 129 Atl. 790; 20 R. C. L. p. 21. In the criminal law, where an act is penalized if performed "wilfully," guilt is conditioned, not on the intentional commission of the prohibited act alone, but on its commission with an evil intent or guilty purpose to violate the law. *State* v. *Foote,* 71 Conn. 737, 43 Atl. 488; *State* v. *Nussenholtz,* 76 Conn. 92, 55 Atl. 539. It is apparent that the purpose of this section of the Bankruptcy Act was to prevent the intentional wrongdoer from escaping liability for his acts, and in the cases arising under it the courts have generally held that, to come within the exception, the injury inflicted must have been intentional, wrongful and without just cause or excuse. *Tinker* v. *Colwell,* 193 U. S. 473, 24 Sup. Ct. 505; 1 Collier, Bankruptcy (13th Ed.) p. 619, and cases there cited; annotation to *Ely* v. *O'Dell,* 57 A. L. R. 153 (146 Wash. 667, 264 Pac. 715).

The liability here involved was that arising out of a cause of action based upon an injury caused by the heedless and reckless disregard by the plaintiff herein of the rights of others. We have said that such con-

duct "is improper or wrongful conduct and constitutes wanton misconduct, evincing a reckless indifference to consequences to the life, or limb, or health, or reputation or property rights of another." *Bordonaro* v. *Senk,* supra, p. 431. Reckless misconduct differs on the one hand from negligence and on the other from intentional misconduct. It differs from the former in that it "requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man," and in that the actor "must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent." The difference between the two is so marked as to amount to a difference in kind. Amer. Law Institute Restatement, Torts (Negligence), § 500, Comment *g.* A cause of action arising out of reckless disregard of the rights of others is not a cause of action for negligence. *Grant* v. *MacLelland,* 109 Conn. 517, 147 Atl. 138. Nor is it a cause of action for intentional wrongdoing.

One guilty of reckless misconduct does not intend to cause the harm which results from it. It is enough that he realizes or should realize that there is a strong probability that such harm may result. Amer. Law Institute Restatement, Torts (Negligence), § 500, Comment *f.* An intentional injury results from an act done for the purpose of causing the injury or with knowledge that the injury is substantially certain to follow. Amer. Law Institute Restatement, Torts (Negligence), § 13, Comment *d.* "Wilful or intentional misconduct and wanton misconduct are different concepts of wrongful or improper misconduct." *Bordonaro* v. *Senk,* supra, p. 431. "To constitute wilful injury there must be design, purpose, and intent to do wrong and inflict the injury; while to constitute

wanton negligence, the party doing the act or failing to act must be conscious of his conduct, and, though having no intent to injure, must be conscious, from his knowledge of surrounding circumstances and existing conditions, that his conduct will naturally or probably result in injury." 20 R. C. L. p. 21. In *Menzie* v. *Kalmonowitz,* 107 Conn. 197, 199, 139 Atl. 698, we defined wanton misconduct as "reckless misconduct, which is the equivalent of wilful misconduct." In *Bordonaro* v. *Senk,* supra, p. 431, we made it clear that by this language we "do not intend to characterize these terms as equivalents of each other, but as equivalents in result." The distinction between an intentional injury and one caused by reckless disregard of the rights of others is recognized in the guest statute which excepts from its operation two causes of action, one when the injury was intentional and the other when it was caused by reckless disregard of the rights of others. It was upon this second cause of action that the judgment against this plaintiff was rendered, and since this cause of action did not involve intentional wrongdoing, the judgment rendered does not constitute a liability for "willful and malicious injury" within the meaning of § 17 A (2) of the Bankruptcy Act, and therefore the plaintiff was released from liability thereunder by his discharge in bankruptcy.

There is no error.

In this opinion the other judges concurred.