JOHN JOSEPH JACOBS *v.* CROWN, INC., ET AL.
(3773)

DUPONT, C. J., BORDEN and SPALLONE, Js.

Argued March 11—decision released May 6, 1986

*Herbert Watstein,* for the appellant (plaintiff).

*Maureen Danehy Cox,* with whom, on the brief, was *John C. Bullock,* for the appellee (defendant Horace W. Boynton).

PER CURIAM. The plaintiff appeals from the judgment rendered in accordance with a directed verdict for the defendant, Horace Boynton.[1] The plaintiff claims that the trial court erred, (1) in directing a verdict for the defendant and concluding that the plaintiff had failed to present any evidence that the defendant wilfully or maliciously intended to injure the plaintiff as provided in General Statutes § 31-293a, (2) in failing to take judicial notice of the Occupational Safety and Health Act (OSHA), 29 U.S.C. § 651 et seq., regulations unless counsel provided them for the court, and (3) in order-

---

[1] As used in this opinion, the defendant refers to Boynton.

ing the release of the plaintiff's attachment upon the defendant's real estate. We find no error.

The facts are not in dispute. The plaintiff was employed by Crown, Inc. (Crown), as a carpenter. Boynton is the president of the corporation. The plaintiff was injured at work when a nail which he was hammering flew back and struck him in the eye. He sued Crown and Boynton for damages arising from the injury.

The plaintiff alleged that the defendants "intentionally failed to provide him with a safe place to work and safe appliances and instrumentalities for his work." Specifically, he alleged that the defendants intentionally failed to instruct him as to the hazards of hammering nails or to provide him with safety goggles or other eye protection. The trial court held that the action against Crown was barred by the Workers' Compensation Act and that action was dismissed. See General Statutes § 31-284. The action against Boynton, however, was allowed to proceed to trial under General Statutes § 31-293a.[2] After the close of all the evidence, the trial court directed the jury to render a verdict for Boynton stating, inter alia, that the plaintiff had failed to establish that Boynton's actions were wilful or malicious as required by General Statutes § 31-293a.[3]

The plaintiff's first claim of error alleges that there was sufficient evidence from which the jury could reasonably have found that Boynton wilfully or maliciously

---

[2] The plaintiff makes no argument that Boynton is not a co-employee within the meaning of General Statutes § 31-293a. See generally 2A Larson, Workmen's Compensation Law § 72.13.

[3] In ruling on the defendant's motion, the trial court indicated that its decision to direct the verdict was based upon several factors, not just the lack of wilful or malicious intent to cause injury. Because we find the issue of intent dispositive, we need not review additional reasons for the trial court's action.

intended to injure the plaintiff. General Statutes § 31-293a provides that where an employee "has a right to benefits or compensation under [the Workers' Compensation Act] on account of injury . . . caused by the negligence or wrong of a fellow employee, such right shall be the exclusive remedy of such injured employee . . . and no action may be brought against such fellow employee unless such wrong was wilful or malicious . . . . " Whether the defendant acted wilfully or maliciously is generally an issue of fact for the jury which may be proven by circumstantial evidence. See *Lar-Rob Bus Corporation* v. *Fairfield,* 170 Conn. 397, 403, 365 A.2d 1086 (1976); see also *State* v. *Rodriguez,* 180 Conn. 382, 404, 429 A.2d 919 (1980).

If, however, a plaintiff fails to produce evidence from which a jury could reasonably and logically find such intent, it becomes the duty of the trial court to direct the jury to render its verdict for the defendant. See *Buckley* v. *Lovallo,* 2 Conn. App. 579, 583, 481 A.2d 1286 (1984); *Kegel* v. *McNeely,* 2 Conn. App. 174, 177, 476 A.2d 641 (1984). In reviewing the plaintiff's claim of sufficient evidence, we view the facts and all reasonable inferences which may be drawn therefrom in a light most favorable to the plaintiff. *Puro* v. *Henry,* 188 Conn. 301, 303, 449 A.2d 176 (1982).

In the present case, the plaintiff sought to prove Boynton's intent by producing evidence demonstrating Boynton's experience with plant management and operations, including work safety and the use of safety glasses for eye protection. Boynton admitted that he had the authority to control the work operations of the carpenters. There was testimony that Boynton had not read the OSHA regulations pertaining to his plant's operation or attended OSHA seminars. There was also testimony that Boynton was aware of the possibility that a nail struck by a hammer could bounce off the wood and strike a person in the eye. This evidence, how-

ever, does not indicate that the defendant wilfully or maliciously intended to injure the plaintiff. " ' "A wilful and malicious injury is one inflicted intentionally without just cause or excuse. It does not necessarily involve the ill will or malevolence shown in express malice. Nor is it sufficient to constitute such an injury that the act resulting in the injury was intentional in the sense that it was the voluntary action of the person involved. Not only the action producing the injury but the resulting injury must be intentional." *Rogers* v. *Doody,* 119 Conn. 532, 534, 178 A. 51 (1935). "A wilful or malicious injury is one caused by design. Wilfulness and malice alike import intent. . . . [Its] characteristic element is the design to injure either actually entertained or to be implied from the conduct and circumstances." *Sharkey* v. *Skilton,* 83 Conn. 503, 507–508, 77 A. 950 (1910). The intentional injury aspect may be satisfied if the resultant bodily harm was the direct and natural consequence of the intended act. *Alteiri* v. *Colasso,* 168 Conn. 329, 334, 362 A.2d 798 (1975).' " *Mingachos* v. *CBS, Inc.,* 196 Conn. 91, 102–103, 491 A.2d 368 (1985); see *Campbell* v. *Pommier,* 5 Conn. App. 29, 35–36, 496 A.2d 975 (1985).

The evidence at trial fails to demonstrate that Boynton's conduct was intentionally designed to injure the plaintiff.[4] Nor can it be said that the plaintiff's injury was the direct and natural consequence of any action by Boynton. Stretching a jury's reasonable findings to the outermost limits, the most it could find was that the plaintiff's injury was caused by Boynton's recklessness. The plaintiff's remedy for injury due to the

---

[4] An act may be found intentional where the result is a substantial certainty. See *Mingachos* v. *CBS, Inc.,* 196 Conn. 91, 101 n.12, 491 A.2d 368 (1985). " '[A] high risk or probability of harm is not equivalent to the substantial certainty without which an actor cannot be said to intend the harm in which his act results.' *Shearer* v. *Homestake Mining Co.,* [557 F. Sup. 549, 559 (D. S.D. 1983)] . . . ." *Mingachos* v. *CBS, Inc.,* supra, 101.

reckless act of a co-employee is provided for exclusively under the Workers' Compensation Act.

The trial court was correct in directing a verdict for the defendant. There was no need to submit the case to the jury as they could not reasonably have found that the defendant wilfully or maliciously intended to injure the plaintiff.

The plaintiff's second claim alleges that the trial court erred in failing to take judicial notice of certain federal regulations. The plaintiff admitted at oral argument before this court that copies of the regulations were never provided to the trial court. "Matter claimed under our rules for judicial notice . . . must be called to the attention of the court and authoritative sources provided." *Ritcher* v. *Childers,* 2 Conn. App. 315, 318–19, 478 A.2d 613 (1984). The trial court's refusal to take judicial notice of the regulations was proper.

The plaintiff's final claim alleges that the trial court erred in releasing an attachment upon Boynton's real estate. Two years prior to trial, another trial court denied a motion to dissolve the same attachment. At that time, the case had not been heard on its full merits and the substitute complaint, alleging intentional injury by Boynton, had not yet been filed by the plaintiff. After a verdict was directed for the defendant, and judgment was rendered for the defendant, there was "a new ball game," with a known outcome, and any basis for the pretrial attachment no longer existed. The verdict was properly directed for the defendant, leaving the plaintiff with no right to maintain a real estate attachment upon the defendant's land.

There is no error.