[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Julius Bell, Jr., as administrator of the Estate of the deceased, Julius Clayton Bell, Sr., brought a three count wrongful death action against two defendants. The first count alleges the negligence of the defendant, John Carasone, while the second count alleges wilful, malicious and reckless conduct on the part of the defendant (Carasone). The third count alleges that the defendant, The Pond Lily Company (Pond Lily), wilfully and maliciously failed to guard and warn the plaintiff's CT Page 14 decedent of an unsafe and dangerous condition. Pond Lily has moved for summary judgment on the third count.
The plaintiff alleges that on June 14, 1988, the plaintiff's decedent, Julius Clayton Bell, Sr. (Bell) and three friends were engaged in recreational fishing on a wooden raft floating on Konold's Pond in Woodbridge, Connecticut. Bell gained access to the pond over Pond Lily's land which borders Konold's Pond. Plaintiff alleges that Pond Lily allowed this land to be used for recreational purposes and did not charge a fee for the use of the land. The defendant, Carasone, according to the plaintiffs, owned the raft. The defendant, Pond Lily, admits to owning certain land bordering the pond.
At approximately 1:00 p.m., the raft capsized, trapping Bell and two of his three companions underneath. As a result of being submerged under water for 20-30 minutes until extricated by rescue personnel, Bell drowned.
Defendant, Pond Lily, moves for summary judgment on the grounds that there is no genuine issue as to any material fact and defendant is entitled to judgment as a matter of law pursuant to Conn. Gen. Stat. 52-557f-i. Defendant argues that Conn. Gen. Stat. 52-557f-g relieve it from liability as "an owner of land who makes all or any part of the land available to the public without charge, rent, fee or other commercial service for recreational purposes." According to Conn. Gen. Stat.52-557g(a), the owner of the land "owes no duty of care to keep the land . . . safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure or activity on the land to persons entering for recreational purposes." The purpose behind the statute is to encourage, private landowners to open their land to the public for recreational purposes by limiting liability. Genco v. Connecticut Light Power, Co., 7 Conn. App. 164, 173 (1986).
The plaintiff has alleged and the defendant has admitted that the land owned by The Pond Lily Company is made available to the public without charge, rent, or fee or other commercial service for recreational purposes. Pond Lily maintains that it is within the class of property owners covered by the statute. Furthermore, "recreational purpose" includes fishing. Conn. Gen. Stat. 52-557f(4).
Under Conn. Gen. Stat. 52-557h(1), however, an owner of land used for recreational purposes would be liable "for wilful or malicious failure to guard or warn against a dangerous condition, use, structure or activity." In the third count of plaintiff's complaint against Pond Lily, the plaintiff alleges that the decedent's death was a "direct and proximate result of CT Page 15 the wilful and malicious failure of the defendant, The Pond Lily Company, to guard or warn the plaintiff's decedent against the use of a raft that was of an unsafe design and of such unsuitable materials and construction so as to be excessively unstable and extremely dangerous." Plaintiff alleges that the wooden raft was originally attached to eight empty barrels or drums, two of which were missing on June 14, 1988. The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all of the material facts such that it would be entitled to judgment as a matter of law. Connell v. Colwell,214 Conn. 242, 246 (1990). The motion is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried. Wilson v. New Haven, 213 Conn. 277, 279
(1989). "To satisfy his burden, the movant must make a clear showing that it is quite clear what the truth is and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw, 193 Conn. 442, 445 (1984). Because the burden of proof is on the moving party, in deciding a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. Connell, 214 Conn. 246. "The test is whether a party would be entitled to a directed verdict on the same facts." Id. at 247.
"Issues of negligence are ordinarily not susceptible of summary judgment adjudication but should be resolved by trial in the ordinary manner." Fogarty, 193 Conn. at 446. However, under Conn. Gen. Stat. 52-557g negligent conduct where the inference which the parties seek to have drawn deal with questions of motive, intent and subjective feelings, summary judgment is particularly inappropriate. Batick v. Seymour, 186 Conn. 632,646-47 (1982). "`A wilful and malicious injury is one inflicted intentionally without just cause or excuse. It does not necessarily involve the ill will or malevolence shown in express malice. Nor is it sufficient to constitute such an injury that the act resulting in the injury was intentional in the sense that it was the voluntary action of the person involved. Not only the action producing the injury but the resulting injury must be intentional.'" Nolan r. Borkowski, 206 Conn. 495, 501. (1988) quoting Rogers v. Doody, 119 Conn. 532, 534 (1935). "`A wilful or malicious injury is one caused by design. Wilfulness and malice alike import intent . . . [Its] characteristic element is the design to injure either actually entertained or to be implied from the conduct and circumstances.'" Id. quoting Sharkey v. Skilton, 83 Conn. 503, 507-508 (1910).
The issue is whether the defendant has met its burden of showing that there is no genuine issue as to the material facts regarding its alleged wilful and malicious conduct in failing to guard or warn plaintiff's decedent. The defendant has submitted along with its memorandum in support of summary judgment a police CT Page 16 report, a report by the medical examiner, a toxicology report, a transcript of a deposition and an affidavit from John A. Sperry, president; and treasurer of The Pond Lily Company. In the affidavit, Sperry states that "neither the directors, officers, nor employees of The Pond Lily Company had inspected said property in the five year period prior to June 14, 1988." "Neither the directors, officers or employees of The Pond Lily Company has any knowledge of the existence of the raft . . . nor of its presence on the property owned by The Pond Lily Company." Pond Lily argues that use it had no knowledge of the existence of the raft, it could not have developed the requisite intent necessary to trigger the statutory exception for wilful and malicious misconduct under Conn. Gen. Stat. 52-557h.
"Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue." Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578 (1990). "`Mere assertions of fact . . . are insufficient to establish the existence of a material fact and therefore, cannot refute evidence properly presented to the court under Practice Book 380.'" Id. at 579 (citations omitted). Evidence is not rebutted by the bald statement that an issue of fact does exist. Id. The nonmovant must file opposing affidavits and other available documentary evidence and must recite specific facts in accordance with Practice Book 380-381 which contradict those stated in movant's affidavits and documents. Id. "When a motion for summary judgment is supported by affidavits . . . an adverse party, by affidavit or as otherwise provided by [Practice Book] 380, must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, the court is entitled to rely upon the facts stated in the affidavit of the movant." Kakadelis v. DeFabritis, 191 Conn. 276, 280-81 (1983).
In this case, the plaintiff filed a memorandum of law objecting to the defendant's motion for summary judgment. No affidavits or other supporting documentation were filed nor were any specific facts recited which contradicted those stated in the movant's affidavit as to the defendant's lack of knowledge. Also, it is submitted that no facts were set forth as to specific acts by the defendant demonstrating defendant's intent. A plaintiff can withstand a defendant's motion for summary judgment only if the opposing documentation filed by plaintiff raises an issue as to the material fact of whether the defendant "wilfully or maliciously" wronged the plaintiff. See Nolan v. Borkowski,206 Conn. 495, 500-501 (1988).
The plaintiff argues that Sperry's affidavit is insufficient CT Page 17 to remove from doubt the question of the defendant's prior knowledge of the existence of the raft and that the affidavit is devoid of facts which demonstrate the competence of the affiant, Sperry, to make the assertions. Affidavits made by corporate officers must aver or affirmatively show personal knowledge of the matters stated. Evans Products Co. v. Clinton Building Supply, Inc., 174 Conn. 512, 515 (1978). In his affidavit, Sperry avers personal knowledge of the matters stated. The plaintiff, however, other than alleging that the defendant acted "wilfully and maliciously" has not set forth any facts nor any evidence to support his argument. Speculative evidence cannot serve as a basis for opposition to a motion for summary judgment. Nolan, 206 Conn. at 507. The plaintiff has failed to raise an issue of material fact as -to the intent of the defendant to "wilfully and maliciously" cause the injury and resulting death.
In Babick [Batick] v. Seymour, 186 Conn. 632 (1982), the court excused a plaintiff who did not file opposing affidavits as the plaintiff had no personal knowledge of the defendant's intent. The court in Nolan, 206 Conn. at 505, declined to read Babick [Batick] as holding that a summary judgment may never be rendered in a case involving intent. If an opposing party cannot present facts essential to justify his opposition, the proper course for the part to follow is Conn. Practice Bk. 382, wherein the opposing party should file an affidavit stating the facts which are in the exclusive control of the moving party. Nolan, 206 Conn. at 504.
The plaintiff has submitted no facts which would indicate wilful or malicious behavior by the defendant. Further, the plaintiff has submitted no evidence outside the naked allegations contained in the complaint and the memorandum in support of the argument. An adverse party's response by affidavits or otherwise must set forth specific facts showing that there is a genuine issue for trial. See Hammer, 214 Conn. 579. Because no issue of material fact exists as to the defendants alleged wilful and malicious conduct. The motion for summary judgment is granted.
MARTIN L. McKEEVER, JUDGE