[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant has moved to strike the Second Count of the Amended Complaint because it fails to state a claim upon which relief can be granted. That count alleges that the plaintiff, a police officer, was injured while participating in a defensive tactics class at the Connecticut Police Academy when the defendant Michael Rinaldi (Rinaldi), an assistant instructor at the academy, performed a one arm shoulder throw on the plaintiff. The First Count is directed to the defendant Rinaldi while the Second Count seeks to recover from the defendant Reginald Allard, Jr. (Allard), who is alleged to be an adjunct instructor at the Police Training Academy.
In the Second Count the plaintiff alleges that Allard acted "recklessly, or intentionally, with the purpose of causing injury, and/or with knowledge that his conduct was substantially certain to result in injury to plaintiff . . . by CT Page 7261 (1) allowing an unqualified instructor [Rinaldi] to serve as an instructor in the defensive tactics class, (2) failing to prevent Rinaldi from performing a defensive maneuver on the plaintiff, (3) failing to properly supervise the defendant Rinaldi, (4) failing to take precautions to help ensure the plaintiff's safety, and (5) allowing inadequate mats to be used on the floor when the class took place.
The defendant Allard claims that the Second Count fails to state a cause of action for an intentional tort. In order for conduct to be intentionally tortious, "[n]ot only the action producing the injury but the resulting injury must be intentional." Rogers v. Doody, 119 Conn. 532, 534, 178 A. 51
(1935); Jacobs v. Crown, 7 Conn. App. 296, 299,508 A.2d 812 (1986). Thus, "`the word "intent" . . . denote[s] that the act or desires to cause [the] consequences of his act, or that he believes that the consequences are substantially certain to follow from it.' 1 Restatement (Second), Torts" 8A (1965). Mingachos v. CBS, Inc. 196 Conn. 91, 101, 491 A.2d 368 (1985). In order to intend to do harm to another, the actor must believe that there is more than a high risk or probability of harm. Id. The use of the word "intent" in allegation is not sufficient to charge the allegations into colorable claims of true intentional torts. Id.
Recklessness is more than gross negligence. Bordinaro v. Senk, 109 Conn. 428, 431, 147 A. 136 (1929); Begley v. Kohl 
Madden Printing Ink Co., 157 Conn. 445, 450-51, 254 A.2d 907
(1969). Recklessness "requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or knowledge of facts which would disclose this danger to any reasonable man" and the actor "must recognize that his conduct involved a risk substantially greater than that which is necessary to make his conduct negligent." Restatement, 2 Torts, 500, commenting, Roofs v. Doody,119 Conn. 532, 535, 178 A. 51 (1935).
Recklessness may be inferred from conduct. But in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. Begley v. Kohl Madden Printing Ink Co., supra.
The Second Count fails to contain factual allegations to permit a conclusion that Allard knew that the plaintiff's injury would be a substantially certain result of his conduct. Therefore, it fails to state a claim for an intentional tort. That count also lacks factual allegations to permit a conclusion that Allard recognized that his conduct involved a risk of injury to the plaintiff which was substantially greater CT Page 7262 than that which is necessary to make his conduct negligent. Thus, it also fails to state a claim for reckless conduct.
Based on the foregoing, the Motion to Strike the Second Count is granted.
BY THE COURT Aurigemma, J.