[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
This is a one count complaint, sounding in defamation, against the named defendant, the Connecticut Commissioner of Banking. Defendant moves to dismiss for lack of jurisdiction based on the defendant's "sovereign immunity", as more particularly set forth in General Statutes 4-165
which provides:
 "No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment." CT Page 11468
Plaintiff claims that its allegations fall within the "wanton, reckless or malicious" exception of General Statutes 4-165.
Plaintiff has alleged that the Commissioner, on May 23, 1990, "published" a libelous letter to the Board of Directors of a bank, of which the plaintiff was a director, to the effect that the defendant had learned of a larceny arrest of the plaintiff, that the charges had not been dropped and that plaintiff's continued service as a director was an unsound practice.
Plaintiff claims the publication was false and that on December 13, 1990, plaintiff was found not guilty of the charges.
In paragraph 11 of his complaint plaintiff further alleges that "The publication was malicious in that: a. the defendant neglected and failed to assess the specific nature of the charges, the factual allegations or the credibility of the accuser(;) b. the defendant neglected and failed to assess the character of the plaintiff including the fact that he had never been arrested before and was a member in good standing on the Board."
The letter of May 23, 1990, attached to the complaint and addressed to the Board of Directors of the Windham Bank, then in formation, makes it clear that the information about the plaintiff's arrest was being forwarded in connection with the bank's application for Temporary Certificate of Authority, bearing on the "character and experience of the proposed directors". Under General Statutes36-53(7)(c) the "fitness" of the proposed directors must be approved by the Commissioner, state treasurer and state comptroller. The letter pointed out that the reported arrest raised a question as to plaintiff's character and fitness, and that his continued service as a director would be considered an "unsound practice".
We are of the opinion that plaintiff has failed to allege sufficient specific facts to support a claim of wanton, reckless or malicious conduct on the part of the Commissioner, in the context in which he wrote the letter of May 23, 1990. CT Page 11469
It is well-established that causes of action for negligence and "wilful or malicious conduct" are separate and distinct causes of action. There is a substantial difference between negligence and wilful or malicious conduct. Warner v. Leslie-Elliott Constructors, Inc., 194 Conn. 129, 138,479 A.2d 231 (1984). A wilful and malicious injury is one inflicted intentionally without just cause or excuse. Nolan v. Borkowski, 206 Conn. 495, 501, 538 A.2d 1031 (1988), quoting Rogers v. Doody, 119 Conn. 532, 534, 178 A. 51 (1935); "A complaint should employ language explicit enough to inform the court and opposing counsel clearly that wilful or malicious conduct is being asserted. Warner v. Leslie-Elliott Constructors, Inc., supra. See also Dumond v. Denehy,145 Conn. 88, 91, 139 A.2d 58 (1958). Simply using the words "reckless" or "malicious" is not enough, but a specific allegation setting out the conduct that is claimed to be reckless or malicious must be made. Brock v. Waldron,127 Conn. 79, 81, 14 A.2d 713 (1940).
No claim has been made that defendant was not covered by Sec. 4-165 because he was not acting in the discharge of his duties or within the scope of his employment. Since the complaint fails to fall within the statutory exception, the court is without jurisdiction and defendant's motion to dismiss is granted.
Wagner, J.