[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
This case arises out of a two-car motor vehicle accident in which the plaintiff, Ossie M. Foxworth, claims to have suffered certain serious physical injuries and other losses as a result of the negligence and/or recklessness of the defendant, Louis P. Juliano, Jr., in the operation of his motor vehicle. In her two-count Complaint dated April 13, 1993, the plaintiff alleges that the accident occurred at about 8:45 a.m. on April 25, 1991, when as she and the defendant were operating their respective vehicles in the eastbound lanes of Interstate 84 in Plainville, Connecticut,
4. . . . the defendant's [vehicle] veered into CT Page 9571 the plaintiff's lane of travel, striking the plaintiff's vehicle, [and] causing the injuries and losses [described in the Complaint].
Complaint, First Count, 4, Second Count, 4 (incorporated by reference from the First Count).
In the first count of her Complaint, the plaintiff alleges, inter alia, that the above-described
 5. . . . collision was the result of the negligence and carelessness of the defendant in one or more of the following ways:
 a. He operated his vehicle recklessly, having regard for the weather, width, traffic and use of said highway, in violation of Sections 14-218a and 14-222
of the Connecticut General Statutes:
. . .
 j. He attempted to make a lane change when he knew, or should have known, that such a change was not reasonably safe; [and]
 k. He attempted to move from the right lane into the left lane when such movement could not be safely made in violation of Connecticut General Statutes Section 14-236.
In the second count of her Complaint, she goes on to allege that the
 5. . . . collision was the result of the reckless and wanton misconduct of the defendant in one or more of the following ways:
 a. He operated his vehicle at an unreasonable rate of speed and recklessly, having regard for the CT Page 9572 weather, width, traffic and use of said highway, in violation of Section 14-218a
and 24-222 of the Connecticut General Statutes;
 b. He attempted to make a lane change when he knew, or should have known, that such a change was not reasonably safe; [and]
 c. He attempted to move from the right lane lane (sic) into the left lane when such movement could not be safely made in violation of Connecticut General Statutes Section 14-236.
Correctly observing that each of the plaintiff's specifications of reckless and wanton misconduct is a verbatim recital of one of her earlier specifications of negligence, the defendant has moved this Court to strike the second count of the Complaint on the ground that it fails "to allege facts showing specifically that the defendant acted recklessly or wantonly." Motion at 1. Absent such allegations, he claims, the second count should be stricken because it fails to present a claim upon which relief can be granted. Conn. Prac. Bk. 151.
The plaintiff responds to this Motion by arguing that she has already met the only burden which Connecticut case law places upon her, to wit: to clearly apprise the defendant that she intends to proceed on the theory of reckless and wanton misconduct, and to inform him of the particular acts she will claim to have constituted such misconduct. Because, she claims, Connecticut has established no specific rule for determining what constitutes reckless and wanton misconduct on any given set of facts, the question whether particular acts are sufficient to constitute reckless and wanton misconduct is a question of fact which only a jury can decide. Here, she concludes, she is entitled to have a jury decide her claim of reckless and wanton misconduct because she has presented that claim in a separate count of her Complaint and supported it by particular allegations of fact.
I. CT Page 9573
The purpose of a motion to strike is to test the legal sufficiency of the allegations set forth in the challenged pleading. Ferryman v. Groton, 212 Conn. 138, 142 (1989). In ruling upon such a motion, the Court must construe the facts "in a manner most favorable to the pleader." Amodio v. Cunningham, 182 Conn. 80, 82 (1980). "[A]ll well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." Id. at 83. If, upon so reading and construing the challenged pleading, the Court determines that it sets forth any valid basis for sustaining the claim or cause of action therein alleged, then the motion to strike must be denied and the pleader must be left to her proof. Water Commissioners v. Robbins, 82 Conn. 623, 633 (1910); Doyle v. AP Realty Corporation, 36 Conn. Sup. 126, 127-129
(1980).
 II.
In Connecticut, it has long been established that reckless and wanton misconduct and negligence are separate and distinct causes of action, each of which has its own unique set of essential elements. See, e.q., Bordonaro v. Senk,109 Conn. 429, 431-32 (1929). Negligence involves the failure of the actor to exercise the degree of care which a reasonably prudent person would have exercised under similar circumstances. Typically the result of thoughtlessness, inadvertence or an error in judgment, negligence does not require proof that the actor was aware of the likely consequences of his acts, but only that a reasonable person in his position would have been aware of them and attempted to avoid them.
Recklessness, by contrast, involves
 a state of consciousness with respect to the consequences of one's acts. Commonwealth v. Piere, 138 Mass. 165, 174 [1884]. It "requires a conscious choice of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man," and the actor "must recognize that his conduct involves a risk that is substantially greater . . . than that which is necessary to make her conduct negligent." CT Page 9574 Restatement, 2 Torts, 500, Comment g; Rogers v. Doody, 119 Conn. 532, 535, 178 A. 51
[1935].
Sheiman v. Lafayette Bank Trust Co., 4 Conn. App. 39, (1985). Reckless and wanton misconduct is therefore
 more than negligence, [and] more than gross negligence. It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of action. . . .
Bordonaro v. Senk, supra at 431-32 (concluding that "[t]he difference between negligence and reckless and wanton misconduct "is one of kind, not merely of degree"); Brock v. Waldron, 127 Conn. 79, 84 (1940) (holding, inter alia, that even conduct which "evince[s] . . . a high degree of negligence is insufficient to justify a recovery" on the theory of reckless and wanton misconduct (Citations omitted.))
 III.
Against this background, our Supreme Court has held that a complaint purporting to state a cause of action for reckless and wanton misconduct "should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on." Brock v. Waldron, supra at 81. Not only must the plaintiff explicitly describe the defendant's alleged conduct as wanton or reckless, but he must do so in a separate count of his complaint. Dumond v. Denehy, 145 Conn. 88,91 (1958). And, more importantly, not only must he support his legal conclusion of reckless and wanton misconduct with particular allegations of fact as to the defendant's complained-of conduct, but the conduct itself, as described in the complaint, must be of such a nature as logically and reasonably to support that legal conclusion. The conduct alleged must therefore be more than negligence, more than gross negligence. It must be conduct that involved "a serious danger to others," and "a risk substantially greater than that which [would be] necessary to make [it] negligent," Sheiman v. Lafayette Bank Trust Co, at 45-46, and it must have been engaged in by the defendant either with knowledge of its especially dangerous character or with knowledge of facts which would disclose this danger to any reasonable man. Id. CT Page 9575
Though the plaintiff in this case has set forth her claim of reckless and wanton misconduct in a separate count of her complaint, she has not supported it with factual allegations which satisfy, either explicitly or by necessary implication, the above-described essential elements of that cause of action. The deficiency in the plaintiff's recklessness count arises not from the mere fact that she has repeated certain of her allegations of negligence in that count, but from the nature of that conduct as she has described it.
The plaintiff's first specification if recklessness is that the defendant operated his vehicle in such a manner as to violate General Statutes 14-218a and 14-222, which respectively proscribe operation at an unreasonable speed and reckless driving. Though both of these statutes establish duties of care, the violation of which may be relied upon as the basis for a recovery in negligence, see, e.g., Kostiuk v. Queally, 159 Conn. 91, 94-95 (1970), neither describes conduct which by its very nature poses the sort of especially great danger to others which by necessary implication constitutes reckless and wanton misconduct. The use of the word "recklessly," moreover, adds nothing of substance to the bare legal conclusion that the listed conduct is actionable as reckless and wanton misconduct. Id. See also Dumond v. Denehy, supra at 91. Absent a more particularized description of the manner in which the defendant is alleged to have violated either statute, the unadorned claim that he did so does not support the claim that this defendant engaged in especially dangerous and risky conduct, knowingly or otherwise.
The plaintiff's second specification of recklessness is deficient for similar reasons. In it the plaintiff alleges that the defendant "attempted to make a lane change when he knew, or should have known, that such a change was not reasonably safe [.]" Such an allegation is properly understood as a claim of simple negligence, not a claim of actual knowledge. Rucco v. United Advertising Corporation,98 Conn. 241, 244 (1922). Even, moreover, if it could be understood as a claim that the defendant attempted the lane change with knowledge that it was not reasonably safe to do so, such a claim would not support the conclusion that the defendant knowingly disregarded a serious danger to others or knowingly took a risk substantially greater than that required CT Page 9576 for proof of simple negligence. Here again, without a substantially more detailed allegation of inherently dangerous conduct, there is no basis in law for a claim of reckless and wanton misconduct.
In her third specification of recklessness, the plaintiff alleges simply that the defendant attempted to move from the right lane of traffic into the left lane of traffic "when such movement could not safely be made in violation of Connecticut General Statutes Section 14-236." Devoid of any factual detail as to the nature of the safety risk involved in the defendant's alleged conduct, the circumstances which gave rise to that risk or the mental state with which the defendant engaged in the conduct giving rise to that risk, this final allegation falls woefully short of supporting a claim for reckless and wanton misconduct.
For all of the foregoing reasons, the defendant's Motion to Strike the second count of the plaintiff's Complaint is hereby granted.
Michael R. Sheldon, J.