[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Two issues are presented by the defendants' motions to dismiss or for summary judgment. First, based on the evidence before the court, are the plaintiff's claims against the defendants barred the doctrine of sovereign immunity? Second, if the defendants are not protected by sovereign immunity, are they entitled to summary judgment on the plaintiff's claims of intentional infliction of emotional distress?
The court holds that the defendant, Michael Hoban, is entitled to sovereign immunity because his actions were not malicious, reckless or willful. The defendant, Patricia Miele, is entitled to summary judgment because her alleged actions did not rise to the level of extreme or outrageous behavior necessary to support a claim for intentional infliction of emotional distress.
The plaintiff, Judith Henderson, has brought this action against the defendants, Hoban and Miele, alleging that they CT Page 8066 intentionally inflicted emotional distress on her. The defendants each filed a motion to dismiss pursuant to Practice Book § 143, now Practice Book (Rev. 1998) § 10-31. In their motions to dismiss, the defendants argued that General Statutes § 4-165
conferred sovereign immunity upon them and, therefore, the court was without subject matter jurisdiction. The court (McMahon, J.) denied the defendants' motions, without prejudice, and indicated to the parties that the motions could be renewed when discovery was completed. The defendants subsequently renewed their motions to dismiss and also filed the motions for summary judgment now before the court.
The relevant facts are as follows. The plaintiff was employed as an assistant clerk in the Bail Commission office located in Waterbury. The defendant Miele also was an assistant clerk in that office. The defendant Hoban was the immediate supervisor of both women. The plaintiff has sued both defendants in their individual capacities only.
The plaintiff claims she suffers from a traumatic brain injury (TBI) that she suffered in 1986, prior to her employment with the state of Connecticut. She also sustained a second TBI in 1990, when she fell at her work place in the Bail Commission office. As a result of these injuries, the plaintiff alleges that she suffers from high distractibility and a decrease in her short term memory. The plaintiff further alleges that both defendants were aware of her condition. In her complaint, the plaintiff alleges that the defendants wantonly, willfully and maliciously undertook a continual course of harassment that was both extreme and outrageous. Consequently, she suffered severe emotional distress.
The defendants' have renewed their motions to dismiss claiming that the doctrine of sovereign immunity deprives the court of subject matter jurisdiction. Those motions must be addressed before any other inquiry may proceed.[1] "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss. Amore v. Frankel, 228 Conn. 358, 364, 636 A.2d 786
(1984)." Federal Deposit Ins. Corp. v. Peabody, N.E., Inc.,239 Conn. 93, 99, 680 A.2d 1321 (1996).
The plaintiff has sued the defendants in their individual capacities. Such a designation, however, is not determinative of the defendants' entitlement to claim sovereign immunity. The CT Page 8067 plaintiff also has pleaded that "the defendants . . . were duly appointed officials of the Connecticut Bail Commission. . . ." The Bail Commission is a state agency. See General Statutes §54-63b.[2] In Sentner v. Board of Trustees, 184 Conn. 339, 342,439 A.2d 1033 (1981), the Supreme Court stated: "We have long recognized the common-law principle that the state cannot be sued without its consent. . . . we have also recognized that because the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state. . . . Therefore, we have dealt with such suits as if they were solely against the state and have referred to the state as the defendant." Id. State officials sued in their individual capacities are nonetheless protected by sovereign immunity unless they have "acted pursuant to an unconstitutional enactment or in excess of statutory authority. . . ." Fetterman v. University ofConnecticut, 192 Conn. 539, 552-53, 473 A.2d 1176 (1984)." A claim that the defendants intentionally inflicted emotional distress on the plaintiff, a co-worker, is a claim that they acted in excess of their statutory authority.
"The [defendant Hoban] is a state official whose office was created by the General Assembly. General Statutes [ § 54-63b(a)]. Like other comparable public officials, he has only such power and authority as are clearly conferred or necessarily implied." Allyn v. Hull, 140 Conn. 222, 226, 99 A.2d 128 (1953). This power and authority did not extend to intentionally inflicting emotional distress on a co-worker.
In addition to the foregoing common law rule, state officers and employees enjoy a statutory form of sovereign immunity. General Statutes § 4-165, entitled "Immunity of state officers and employees from personal liability," provides in pertinent part: "No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment." "`A wilful or malicious injury is one caused by design. Wilfulness and malice alike import intent. . . . [Its] characteristic element is the design to injure, either actually entertained or to be implied from the conduct and circumstances.'Sharkey v. Skilton, 83 Conn. 503, 507, 77 A. 950 (1923)." Rogersv. Doody, 119 Conn. 532, 534, 178 A. 51 (1935). Accordingly, a person liable for intentional infliction of emotional distress may not avail herself of the sovereign immunity afforded by General Statutes § 4-165. CT Page 8068
The defendants, however, argue that the plaintiff cannot present proof upon which her allegations of willful, reckless and malicious conduct are based, and that, therefore, she is barred by the doctrine sovereign immunity from maintaining these claims directly against the defendants.
"[T]he court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) Savage v. Aronson,214 Conn. 256, 264, 571 A.2d 696 (1990). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . Where, however . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Citation omitted; emphasis added; internal quotation marks omitted.) Barde v. Board of Trustees, 207 Conn. 59, 62,539 A.2d 1000 (1988). "The allegations of . . . a complaint and the factual underpinnings if placed in issue, must clearly demonstrate" that the state has consented to be sued or an exception to the doctrine of sovereign immunity. Id., 64. In support of his motion to dismiss, Hoban has submitted an affidavit, in addition to affidavits of other state employees of the Bail Commission, placing the factual underpinnings of the plaintiffs claims of intentional infliction of emotional distress, and therefore the defendants' immunity, in issue.
As to Hoban, the plaintiff's complaint alleges that Hoban failed to protect her from "the unlawful actions" of Miele, failed to accommodate her disability, discriminated against her because of her sex, disability, and ethnic background and "imposed formal punishment upon [her] by taking sick and vacation time away from her." The plaintiff further alleges that Hoban shouted at the plaintiff, threatened her with disciplinary action, and "unilaterally" changed the plaintiff's work schedule. Finally, the plaintiff alleges that Miele is mentally ill, and that Hoban knew of the Miele's mental illness, yet despite this information, Hoban failed to protect the plaintiff from Miele.[3]
In support of his motion to dismiss, Hoban has filed the affidavits of Moira Butler, the affirmative action coordinator for the Judicial Department; Paul Brown, the Chief Bail CT Page 8069 Commissioner; and Betsy McSweet, vocational counselor with the State Bureau of Rehabilitation Services. All three affidavits support Hoban's assertion that he conducted himself in a professional and cooperative manner toward Henderson.
Butler states that Hoban attempted to provide Henderson with the accommodations she requested, but that Henderson was often not specific as to what sort of accommodations she needed. Furthermore, Butler states that Hoban rejected some of Henderson's requests for special accommodations because they would have required considerable expenditures of money, involved security risks or because alternate equipment was available.
McSweet's affidavit details her experiences with Hoban and the bail commission office, and the attempts by the defendant to accommodate the plaintiff. McSweet states that Hoban accomplished some her recommendations with respect to accommodating the plaintiff. Nowhere in her affidavit, however, is there a suggestion that Hoban's conduct toward the plaintiff was unprofessional.
Finally, Paul Brown, the Chief Bail Commissioner states that Hoban properly denied Henderson's request for leave time because Henderson had not obtained prior approval for the leave. Brown also states that Hoban was not even present during the June 29, 1994 dispute between Miele and the plaintiff because he was away on vacation.
In response to Hoban's motion to dismiss, the plaintiff has not filed any opposing affidavits. While she has submitted with her brief a copy of an affidavit purportedly filed in United States District Court fourteen months before the commencement of this action, the court cannot consider such a document an affidavit for purposes of this action. United States v. Husted,558 F. Sup. 658, 659 (E.D. Mich. 1983). The Supreme Court "has noted that `[t]estimony presented by affidavit is different from testimony orally delivered because the affiant is not subject to cross-examination. But that fact leads to greater, not lesser, strictures imposed on the testimony presented by affidavit.'United States v. Dibble, 429 F.2d 598, 602 (9th Cir. 1970)."Rosenblit v. Danaher, 206 Conn. 125, 136, 537 A.2d 145 (1988).
Moreover, in opposition to Hoban's motion to dismiss, the plaintiff relies on the copy of the affidavit form of complaint she filed two years before the commencement of this action with CT Page 8070 the Commission on Human Rights and Opportunities. This document is submitted by Hoban in support of his motion to dismiss. The plaintiff's argument is that the complaint filed with the CHRO is evidence of the truth of the allegations contained therein.
First, it is abundantly clear that Hoban has not submitted that complaint as evidence of the truth of the matters contained therein, but as evidence that certain of the claims raised by the plaintiff here have been raised by her previously, in another forum, and dismissed. Second, as observed supra, a copy of an affidavit filed in another forum prior to the commencement of this action is not an affidavit in this action.
Therefore, the evidence submitted in support of Hoban's motion to dismiss stands unrefuted. Accordingly, the court finds that the evidence demonstrates that Hoban did not act maliciously, reckless or willfully with respect to the plaintiff and, therefore, he is entitled to sovereign immunity. Hoban's motion to dismiss is granted.
With respect to Miele, the plaintiff's complaint alleges that on May 19, Miele threatened the plaintiff, and again on June 29, 1994, Miele "rushed the plaintiff, shouting that she was going [to strike her], and [forced] the plaintiff to flee the area in tears." The complaint states that when Miele shouted at the plaintiff on June 29, 1994, she used an obscenity. Further, the plaintiff alleges that on July 1, 1994, Miele "verbally attacked [her] threatening and abusing her in a loud voice inviting a physical altercation." The plaintiff's allegations against Miele are refuted only by way of memorandum of law.
The plaintiff's complaint alleges that Miele's actions were wanton, willful, malicious, extreme and outrageous and were carried out with the knowledge that they would or probably would cause the plaintiff to suffer extreme emotional distress. General Statutes § 4-165 does not provide sovereign immunity for state employees whose acts are wanton, malicious or reckless. Thus, sovereign immunity pursuant to General Statutes § 4-165
would not bar the plaintiff's claims. Miele's motion to dismiss is denied.
The denial of Miele's motion to dismiss, however, does not end the inquiry. The court must next address Miele's motion for summary judgment against the plaintiff's claim for intentional infliction of emotional distress. CT Page 8071
Preliminarily, the plaintiff argues that whether the defendants acted in an extreme or outrageous manner is a jury question, and the court may not decide the issue as a matter of law. The plaintiff is mistaken. "Whether the defendant's conduct and the plaintiff's resulting distress are sufficient to satisfy either of these elements is a question, in the first instance, for this court. Only where reasonable minds can differ does it become an issue for the jury. Reed v. Signode Corporation,652 F. Sup. 129, 137 (D. Conn. 1986); 1 Restatement (Second) of Torts § 46 comment (h) (on the issue of extreme and outrageous conduct). . . ." Mellaly v. Eastman Kodak Co., 42 Conn. Sup. 17,18-19, 597 A.2d 846 (1991).[4]
A court will grant a motion for summary judgment if the moving party would be entitled to a directed verdict on the same facts. Gabrielle v. Hospital of St. Raphael, 33 Conn. App. 378,382-83, 635 A.2d 1232, cert. denied, 228 Conn. 928, 640 A.2d 115
(1994). "A trial court's decision to direct a verdict can be upheld only when the jury could not reasonably and legally have reached any other conclusion. . . . " Ciarelli v. Romeo,46 Conn. App. 277, 282, 699 A.2d 217 (1997).
For the plaintiff to maintain an action for intentional infliction of emotional distress against the defendants, "four elements must be established. It must be shown: (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. . . . " Delaurentis v. New Haven,220 Conn. 225, 266-67, 597 A.2d 807 (1991). Since the defendant focusses
exclusively on the second element of the prima facie case, the court confines its analysis to the defendant's allegedly extreme and outrageous conduct.
"Liability for intentional infliction of emotional distress requires `conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind.'Petyan v. Ellis, supra, [200 Conn.] 254 n. 5. . . . " Delaurentisv. New Haven, supra, 220 Conn. 267. "[L]iability has been found CT Page 8072 only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Kintner v. Nidec-Torin Corp.,652 F. Sup. 112 (D. Conn. 1987). "Mere insult, indignities, or annoyances that are not extreme and outrageous will not suffice."Brown v. Ellis, 40 Conn. Sup. 165, 167, 484 A.2d 944 (1984).
In considering a properly documented motion for a summary determination, the court may recognize the realities of the case.DiMauro v. Pavia, 492 F. Sup. 1051, 1059 (D.Conn. 1979) (Newman,J.), affirmed, 614 F.2d 1286 (2d Cir. 1979) (summary judgment). Viewing the record realistically, it appears that none of the parties enjoyed a pleasant work environment. With respect to Miele, however, the episodes related in the plaintiff's complaint neither individually nor collectively rise to the unusual degree necessary to maintain an action for intentional infliction of emotional distress.
The motion to dismiss of the defendant Hoban is granted. The motion for summary judgment of the defendant Miele is also granted.
BY THE COURT
Bruce L. LevinJudge of the Superior Court